

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2003

# USA v. Perez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Perez" (2003). *2003 Decisions*. Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2248
_____

UNITED STATES OF AMERICA
v.

ADRIANO PEREZ,
*Appellant*

_____

On Appeal From The District Court of The Virgin Islands
(D.C. Criminal No. 02-cr-00038)
District Judge: Honorable Thomas K. Moore

_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2003
Before: NYGAARD, BECKER, and STAPLETON,
*Circuit Judges*

(Filed December 17, 2003)
_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal by defendant Adriano Perez from the judgment in a criminal case

following a plea of guilty to drug charges. In the plea agreement Perez stipulated that the

amount of heroin involved in count seven was two kilograms and that the amount of

cocaine involved in count eight was fourteen kilograms. In his Application for

Permission to Enter Plea of Guilty he admitted that he was guilty of the offenses and was making no claim of innocence. Although Perez later denied his involvement, he declined the District court's offer to allow him to withdraw his plea. The District Court accepted the recommendations in the presentence report that Perez was not eligible for the "safety valve" exceptions to the minimum mandatory sentence of ten years' imprisonment following by five years of supervised release. The District court also departed downward *sua sponte* from the minimum guideline fine of $12,5000 and imposed a $4,000 fine. Perez filed a timely appeal

Following the appeal, defense counsel filed a motion to withdraw and a brief in support of this motion pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967). In that brief, after a statement of the case and the facts, counsel makes the following statement:

> Counsel for Appellant has diligently searched the record in this matter in good faith, and is not able to assert to this Court hat there are any appealable issues which would warrant reversal of Appellant's conviction However, counsel has found issues which warrant further scrutiny by this Court.

We have carefully examined the record, as well as the issues that counsel has suggested warrant further scrutiny by this Court. However, none of them are of any help to the defendant.

In the sentencing proceeding, the Court departed downward from the guideline fine, but, according to Perez, not far enough. However, we have held that a court's

2

decision not to depart downward is not appealable. *United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989). While the writer is flattered by the suggestion that his dissenting opinion in *Denardi* was correct, the fact is that the majority opinion has prevailed here and in seven other circuits. At all events even if the dissent were the law, it would not help defendant for the facts in this case do not suggest that the refusal to depart downward below $4,000 was "plainly unreasonable" or grossly disproportional to the gravity of the offenses. While counsel notes that it was arguable after *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the determination of whether Perez qualified for the safety valve should have been treated as an element of the offense since it raises the minimum sentence, this argument was rejected in *Harris v. United States*, 536 U.S. 545, 572 (2002).

After thorough examination of the proceedings, we agree with counsel that there are no non-frivolous issues to raise on appeal. Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Donald Wayne Marvin*, 211 F.3d 778 (3d Cir. 1999). However, having read the entire record, we are satisfied that counsel has fulfilled his *Anders* obligations. Indeed we commend counsel on his diligence, a model of fidelity to *Anders* obligations. We will therefore grant counsel's request to withdraw, and will affirm the

judgment on the merits.[1]

TO THE CLERK:

        Please file the foregoing opinion.

/s/ Edward R. Becker
Circuit Judge

---

[1]We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b)(2000).